cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO PEREZ,<br><br>              Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendants. | Civil No. 05cv1790 BEN(AJB)<br><br>Order Granting Motion to Compel<br>[Doc. No. 44] |

      Defendants have filed a motion to compel the Plaintiff to undergo vocational rehabilitation testing and interviews pursuant to Federal Rule of Civil Procedure Rule 35(a) because Defendants contend that the Plaintiff has placed his future employability and earning capacity in controversy. Conversely, Plaintiff contends that Defendants have failed to demonstrate good cause for the vocational rehabilitation expert's interviews and testing, because Defendants' have failed to demonstrate the need for the information sought and the lack of means for obtaining it elsewhere.  This motion was set for telephonic hearing on February 19, 2008 at 2:30 p.m. before Judge Battaglia.  This hearing date is hereby vacated as this motion is appropriate for submission on the papers without oral argument pursuant to Local Civil Rule 7.1.d.  For the reasons set forth below, Defendants' motion to compel Plaintiff to submit to testing and interviews by Defendants' vocational rehabilitation expert is hereby GRANTED.

### *Background*

On September 22, 2003, Plaintiff was working aboard the U.S.S. Shiloh redecorating a wardroom. While reattaching a power distribution box to the bulkhead, Plaintiff received a severe electrical shock, which threw him backwards and slammed his body into the bulkhead. Plaintiff was taken to U.C.S.D. Medical Center where he was admitted and later diagnosed him with Post-Traumatic Stress Syndrome (PTSS), electrocution at 440 volts (shipboard), possible right shoulder rotator cuff and labrum tears, probable cervical and lumbar spine sprains/strains, and concussion by history.

After this incident and resulting injuries, Plaintiff did not return to working on the waterfront, but has worked in several lower paying jobs. In 2004, Plaintiff qualified for Social Security disability income in the amount of $1,182.00 per month and Plaintiff has also supplemented this income with various odd jobs.

Plaintiff alleges and seeks lost earnings of $520,000.00 for the period from when Plaintiff was injured at age 57 until age 65 at an alleged previous earning level of $65,000/year. Plaintiff also asserts that he is and was capable of working past the age of 65 prior to his injury, and seeks compensation for his assertion that he is no longer able to do so in any form. Plaintiff is currently 61 years old.

### *Discussion*

On January 7, 2008, Defendants requested that Plaintiff make himself available for occupational rehabilitation testing and interview under Federal Rule of Civil Procedure 35(a).[1] Plaintiff objected and declined to make himself available. On January 24, 2008, Defendants's counsel stated that he would

---

[1] Rule 35(a) of the Federal Rules of Civil Procedure sets forth the physical and mental examinations of persons and states:
> When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.
> Fed. R. Civ. P. Rule 35(a).

withdraw his request under Rule 35(a) if Plaintiff's counsel would stipulate that employability and diminution of earning capacity is not in contention or an issue in this case. Plaintiff's counsel declined to do so.          Defendants argue: 1) the Plaintiff has put his future lost wages and diminution of earning capacity "in controversy"; 2) Defendants' have not previously performed an interview with, or testing of the Plaintiff to determine his future employability or diminution of earning capacity; 3) no party to this litigation has performed interviews or testing of the Plaintiff to evaluate his future lost wages and diminution of earning capacity; 4) the only testing of the Plaintiff was conducted three years ago, in early 2005, as part of Plaintiff's Longshore and Harbor Workers Compensation claim, prior to this litigation; and 5) at the time of Plaintiff's deposition by Defendants on October 11, 2006, the issue was essentially the difference in Plaintiff's prior and current wage, because the Plaintiff had returned to work, but shortly thereafter Plaintiff stopped working. Defendants also note, and Plaintiff does not dispute and has not objection to the qualifications of the expert Defendants have selected.

Alternatively, the Plaintiff contends that Defendants have failed to demonstrate good cause for their request because the information sought is readily available and the Plaintiff is not calling a vocational rehabilitation expert in his case in chief. The plaintiff cites to numerous cases to support these propositions, however, the cases cited by Plaintiff are easily distinguishable from the instant case. The plaintiffs in the *Storms*[2] and *Shumaker*[3] cases had already submitted to examination and evaluation by their own vocational rehabilitation experts and the Court reasoned in *Storms* that the Defendant would be prejudiced by Plaintiff' ability to introduce this information and in *Shumaker* that the tests that were already performed provided sufficient information was is readily available to the defendant.

The Court is not persuaded by Plaintiff's arguments for two reasons. First, the necessary information, Plaintiff's future lost wages and diminution of earning capacity, was last evaluated 3 years ago, which was before the Plaintiff returned to work in a different field and prior to Plaintiff's claim that he is no longer able to work at all. These two events were significant changes in Plaintiff's

---

[2] *Storms v. Lowe's Home Center, Inc.*, 211 F.R.D. 296 (W.D. Va. 2002).

[3] *Shumaker v. West*, 196 F.R.D. 454 (S.D. W. Va. 2002).

employability and were not considered in Plaintiff's previous evaluation and the Plaintiff has placed both in controversy. Since there are no adequate alternative sources by which Plaintiff's claims can be evaluated a finding of "good cause" is warranted.

Having found that Defendants have met both the "in controversy" and "good cause" requirements for a Rule 35 examination, this Court must also determine whether the nature of the examination sought by Defendants is appropriate.  Given the nature of Plaintiff's claims, the lack of available information regarding Plaintiff's current and future employability, the declaration of Defendants' expert, and the lack of any argument or objection on the behalf of Plaintiff with regard to the requested, the Court finds the nature of the examinations sought by Defendants to be appropriate.

### *Conclusion*

For the foregoing reasons, the Court  finds that Defendants have established that the Plaintiff has placed his future lost wages and diminution of earning capacity "in controversy" in this case and has further established "good cause" for a physical and mental examination pursuant to Fed. R. Civ. P. 35(a).  Since the Plaintiff has failed to assert a valid objection to the use or qualifications of Defendant's proposed expert, the Court finds Mr. Roger Thrush qualified to conduct the examination of plaintiff in this case based upon the declarations submitted.

The Court further finds that the examination detailed in Mr. Thrush's declaration and Defendants' motion to compel, is the appropriate method of conducting the testing an evaluation of Plaintiff's future lost wages and diminution of earning capacity claims. Defendants' have adequately set forth the need to conduct the evaluation of the Plaintiff in this manner.

///
///
///
///
///

1    As such, Defendant's motion to compel the vocational rehabilitation examination of Plaintiff, filed February 5, 2008, is GRANTED. Defendant's shall meet and confer with Plaintiff's counsel to set a date, time and place for the examination to be conducted. The evaluation will proceed forthwith, and plaintiff will be provided a copy of the evaluation findings and materials consistent with Federal Rule 26 as soon as possible following the evaluation. Plaintiff will also be entitled to depose Mr Thrush prior to trial, at his option.

IT IS SO ORDERED.

DATED: February 20, 2008

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court